

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**

    **JUDGE**

## LETTER OPINION

October 13, 2010

Mr. Kenson Gilbert
Dormitory #4
J201004564
Essex County Correctional Facility
345 Doremus Avenue
Newark, NJ 07105
*Pro Se Petitioner*

Paul Fishman
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Attorney for Respondent*

      Re:    *United States of America v. Kenson Gilbert*
            Case No. 2:03-cr-00349-WJM-1

Dear Litigants:

    This matter comes before the Court on the motion of pro se prisoner Kenson Gilbert ("Gilbert" or "Petitioner") to vacate, set aside, or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## BACKGROUND

    On December 24, 2001, Petitioner was arrested by the New York City Police Department for his participation in a bank fraud scheme involving millions of dollars in losses. (Resp't Br. at 1). He was initially charged by the Kings County District Attorney's Office, but the charges were

later adopted by the United States Attorney's Office for the District of New Jersey. ( *Id*.). Gilbert cooperated substantially with federal law enforcement. ( *Id*.). He confessed as to his involvement and offered details about the conduct of the other 15 coconspirators. ( *Id*.). On May 1, 2003, Gilbert pled guilty to a one count Information charging him with conspiracy to commit bank fraud. Gilbert was represented by Ms. Marianna Espinosa-Murphy, Esq. in his early proffers with the Government, during plea negotiations, and at the plea hearing in this case. ( *Id*. at 2). Gilbert was sentenced on August 10, 2002 to conspiracy to commit bank fraud in violation of 18 U.S.C. §§371 and 1344. (Plea Agreement with Kenson Gilbert dated August 10, 2002, hereinafter "8/10/02 Plea Agreement"). The Presentence Report assessed the defendant with a total offense level of 19, with no criminal history points, thus exposing him to a Guideline range for imprisonment for 30 to 37 months. (Resp't Br. at 3). The Government filed a 5k1.1 motion on Gilbert's behalf, which was granted by the court. ( *Id*. at 3). Gilbert was sentenced to three years probation, with certain additional conditions, including nine months of home confinement and restitution in the amount of $787,531.37. ( *Id*.). Gilbert did not appeal.( *Id*.).

Now, four years after his sentence was imposed, and for the first time, Gilbert has filed an application for post conviction relief because he argues he received ineffective assistance of counsel and that new caselaw should apply retroactively to his case. ( Pet'r Br. at 5).

## ANALYSIS

28 U.S.C. § 2255 provides that a prisoner in custody serving a sentence imposed by a federal court may move the court that imposed the sentence to either vacate, set aside, or correct the sentence.  However, the statute does not afford a remedy for all errors that may have been made at trial or at sentencing.  *United States v. Addonizio*, 442 U.S. 178 (1979).  Errors warranting modification must raise "a fundamental defect which inherently results in a complete miscarriage of justice."  *Id*. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A prisoner can challenge his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Petitioner raises two challenges to the sentenced imposed: (1) the *Padilla* Supreme Court case should be applied retroactively entitling him to relief, (2) a violation of his 6th Amendment right because he received ineffective assistance of counsel.  His arguments are considered in turn. The Government also raises the issue of waiver, which is addressed at the outset.

### A.  The Government's Arguments

The Government successfully demonstrated that this motion is barred as the result of waiver and untimeliness. These arguments are addressed in turn.

### 1.      The Government's Waiver Argument

In his 8/10/02 Plea Agreement, Gilbert agreed to waive his rights to file an appeal, collateral attack, writ or motion after sentencing, including a § 2255 motion. (8/10/02 Plea

Agreement, p. 5). The 3 year probation sentence that Gilbert received falls within the Guidelines range, as stipulated to by the Government and defense counsel. (*Id*.). As such, Petitioner waived his right to file a § 2255 motion.

Waiver of the right to file a § 2255 motion in a plea agreement is enforceable provided that the waiver was knowing and voluntary. *See U.S. v. Khattak*, 273 F.3d 557, 561-562 (3d Cir. 2001); *see also U.S. v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). In determining whether a waiver of the right to appeal is knowing and voluntary, the findings of the sentencing judge are critical. *See Gwinnett,* 483 F.3d at 203 (upholding waiver as valid when the sentencing judge, in accordance with Fed. R. Civ. P. 11, questioned the defendant at his plea hearing and concluded that he understood the terms of his plea agreement and was entering into it voluntarily).

Here, the evidence shows that Gilbert entered into his plea agreement and waived his rights to appeal knowingly and voluntarily. First, he has not argued that his entry into the plea agreement was not knowing or voluntary. Second, the language of the plea agreement was clear as to its purpose to bind Gilbert, the Government, and the Court as to its provisions, including the sentence. Moreover, it contained a mutual waiver of appellate rights. Third and most importantly, the district judge questioned Gilbert at his plea hearing held on May 1, 2003. The Judge asked him if he had sufficient time to discuss this case with his attorney and if he is satisfied with his attorney's representation. Gilbert responded "Yes." (5/1/03 Plea Hearing Transcript at 3.11-16). The judge then asked him if he had an opportunity to review the waiver of indictment with his attorney, to which Gilbert said "Yes." (*Id*. at 6.1-2). Next, the Court asked Gilbert on two different occasions if any threats or promises had been made to induce him to waive the indictment, and he responded "No" and said that he wished to waive his right to indictment. (*Id*. at 5.11-18, 7.3-11). Additionally, Gilbert said he did not have any questions for the Court about the indictment. (*Id*. at 6.3-5). Then, the Court asked if the signature on the form was his and if he signed it "knowingly and willfully," to which he responded "Yes." (*Id*. at 6.6-9). Finally, the Court asked Gilbert several times if he understood the terms of the plea agreement, including the fact that he was waiving his right to appeal his sentence, and if his attorney discussed with him this waiver of the right to appeal, to which Gilbert stated "Yes." (*Id*. at 2,8-10, 8.6-9, 11.5-9, 12.1-25, 13.1-7, 16.10-25, 17.2-7). At the conclusion of the hearing, the Court stated that it was obvious that Gilbert is "an intelligent person, that he has understood the questions that I put to him and answered responsively," and that Court has no doubt that Gilbert entered this plea "intelligently, knowingly and voluntarily." (*Id*. at 25.1-4). For these reasons, the Court finds that Gilbert's waiver was valid and that he is barred from bringing the instant motion.

### 2.    The Government's Untimely Argument

Petitioner filed this instant petition on September 8, 2010, four years after the date he was sentenced. Although Petitioner's application for post conviction relief under N.J. Ct. R. 3:22 would be timely in state court (statute of limitations is 5 years), the Government is correct in stating that Petitioner's application should be based on 28 U.S.C. §2255 as this action is not in state court. Under 28 U.S.C. §2255 ¶6, a defendant generally has a one year period (that runs from the latest of certain enumerated events) to file a request for relief. Since 2006, there have

been no Government action that impeded Gilbert from filing his claim, nor does Gilbert claim to possess newly-discovered evidence. Thus, Gilbert's petition is untimely.

### B.  Petitioner's Arguments

Even if the Government has not successfully demonstrated that this motion is barred as the result of waiver or untimeliness, Gilbert's arguments with respect to ineffective assistance of counsel are without merit.  These arguments are addressed in turn.

### 1.    Ineffective Assistance of Counsel Based on New Rule for Failure to Warn of Possible Deportation Claim

First, with respect to Petitioner's argument that his counsel was ineffective by failing to inform him that he could be deported as the result of his conviction, Petitioner argues that the "new rule" in a 2010 Supreme Court case should apply retroactively.  (Pet'r Br. at 5).  The Third Circuit has not ruled on whether or not an attorney must inform his client of possible future immigration proceedings in order to comply with the Sixth Amendment.  *See United States v. Nino*, 878 F.2d 101, 105 (3d Cir. 1989) (declining to decide "whether counsel's failure to advise a client about the deportation consequences of a guilty plea can constitute deficient representation absent special circumstances").  In the 2010 case of *Padilla v. Kentucky*, the Supreme Court ruled that defense counsel must always advise a non-citizen client of the deportation consequences of a guilty plea. *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). However, Gilbert cannot use the *Padilla* decision more than four years later to challenge his 2006 conviction. This is because of another Supreme Court decision that announced that a "new rule" of constitutional criminal procedure does not apply retroactively to cases challenged on collateral review. *Teague v. Lane,* 489 U.S. 288, 310 (1989). Under *Teague*, "new constitutional rules" of criminal procedure are generally inapplicaple to cases that have already become final. *Id*. at 311.

Moreover, a rule is "new" if it was not "dictated by precedent existing at the time the defendant's conviction became final." *Graham v. Collins*, 506 U.S. 461, 467 (1993); *see Teague*, 489 U.S. at 310. Neither the Third Circuit nor the Supreme Court have ever ruled on whether or not an attorney must make a client aware of possible future immigration proceedings in order to comply with the 6th Amendment prior to the *Padilla* case. Thus, the 2010 *Padilla* decision requiring counsel to advise a non-citizen client of deportation consequences is a new constitutional rule and should not be applied retroactively to Plaintiff's 2006 sentence.

### 2.    Ineffective Assistance of Counsel Claim Generally

The test for ineffective assistance of counsel requires the petitioner to show that (1) counsel's performance was deficient and contained errors so serious as to deny the protections of the Sixth Amendment, and (2) the results of the proceedings would have been different, were it not for the errors of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  Thus, a petitioner must demonstrate both a breach of duty and prejudice suffered as a result of that breach.  *See Nino*, 878 F.2d at 103-104.

Gilbert's ineffective assistance of counsel claims can be divided into two parts.  First, Petitioner argues that his attorney was deficient because of the attorney's failure to inform him that he could be deported based upon the commission of these crimes, or inform him that he could request for a Judicial Recommendation Against Deportation ("JRAD"). (Pet'r Br. at 7). Second, he argues that his counsel was deficient because he claims his attorney did not: confer with him, investigate, obtain discovery, inform him that he could be deported based upon the commission of these crimes, or inform him that he could request for a Judicial Recommendation Against Deportation ("JRAD"). (*Id.*. at 6-8).

As to the first prong of the *Strickland* test, with regards to Petitioner's argument that counsel was deficient due to her failure to inform him that he could be deported, counsel's representation did not fall below an objective standard of reasonableness. A court "deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of a particular case, **viewed as of the time of counsel's conduct**." *Strickland*, 466 U.S. at 690 (emphasis added). Accordingly, "in making litigation decisions, 'there is no general duty on the part of defense counsel to anticipate changes in the law.'" *Sistrunk v. Vaughn*, 96 F. 3d 666, 670 (3d Cir. 1996).

The second prong of the *Strickland* test was not met either. To prove ineffectiveness in the guilty plea context, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As *Padilla* recognized, "[s]urmounting *Strickland*'s high bar is never an easy task," and is particularly difficult for "this type of claim, [because] a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 130 S. Ct. at 1485. Petitioner's wish to withdraw his guilty plea, and presumably proceed to trial is dubious at best. The evidence against Petitioner was very strong. He confessed to his involvement and cooperated with law enforcement throughout the investigation. He provided videotaped admissions to the New York City Police Department. Furthermore, at the time of his plea, six other cooperating coconspirators had already pled guilty, some of whom directly implicated Petitioner. Lastly, the Court asked Gilbert if he understood that he may be deprived of valuable civil rights, to which he responded "Yes." (5/1/03 Plea Hearing Transcript at 13.8-14), and he still decided to plead guilty. Therefore, he cannot argue that but for the failure of his counsel to tell him this, he would not have entered into the plea bargain.  There was no prejudice to Gilbert, and his claim fails.

Next, with respect to Petitioner's other bases for his claim of ineffective assistance of counsel (he claims his attorney did not: confer with him, investigate, or obtain discovery), the claims are controverted by the record. During his plea, while under oath, Petitioner stated he had sufficient time to discuss the case with his attorney (5/1/03 Plea Hearing Transcript at 3.11-16), that he was satisfied with her representation (*Id*.), that she had explained the various guideline considerations (*Id*. at 8.6-9, 9.1-24), and that counsel had discussed his waiver of appeal (*Id.* at 2.8-10, 8.6-9, 11.5-9, 12.1-25, 13.1-7, 16.10-25, 17.2-7).

**CONCLUSION**

For the reasons stated above, Petitioner Gilbert's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.  An appropriate order follows.


_/s/William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**